IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION

| | |
|---|---|
| SPEECHLY BIRCHAM LLP et al, <br><br> Plaintiffs, <br><br> v. <br><br> EKRAM J. MILLER, <br><br> Defendant. | Civil Action No. 8:10-cv-03041-AW |

## MEMORANDUM AND ORDER

Plaintiffs Speechly Bircham LLP, Jeffrey Chapman, and Michael Brindle assert this action against Defendant Ekram J. Miller. Plaintiffs' Complaint sounds in breach of contract. Pending before the Court is Plaintiffs' Motion for Leave to Amend Complaint. The Court has reviewed the record and deems a hearing unnecessary. For the following reasons, the Court **DENIES**  Plaintiffs' Motion for Leave to Amend Complaint.

I.   FACTUAL AND PROCEDURAL BACKGROUND

On June 11, 2007, Swift Investment and Development Company, Ltd. ("SIDCO") initiated an arbitration request against Defendant Ekram J. Miller ("Miller") in his personal capacity and against his company, International Commerce Corporation ("ICC").  The arbitration arose from alleged violations of the memorandum of agreement ("MOA") previously entered into between ICC and SIDCO.  The arbitration proceedings were scheduled to be heard before the International Chamber of Commerce International Court of Arbitration in London, England.

Miller sought additional representation for the overseas arbitration proceedings from the English law firm Speechly Bircham, LLP ("Speechly").  To this end, in February 2008, Speechly

and Miller entered into a letter of agreement ("LOA" or "Agreement").  Speechly, in turn, retained the legal services of an English barrister, Jeffrey Chapman ("Chapman").  On July 23, 2008, Speechly successfully had Miller dismissed from the arbitration in his personal capacity.

In the spring of 2009, Miller entered into an agreement by which Michael Brindle ("Brindle") was to serve as lead counsel in the arbitration proceeding.

In October 2010, Plaintiffs filed their Complaint. Doc. No. 1.  The basis for Plaintiffs' Complaint is that Miller has failed to satisfy them for the legal services with which they provided him in connection with the international arbitration proceedings.

In January 2012, Miller filed a Motion for Summary Judgment.  Doc. No. 21.  Miller essentially argued that he had no personal liability to Plaintiffs because (1) he signed the Agreement in a personal capacity and (2) many of the fees that Plaintiffs sought to recover accrued after he was dismissed from the international arbitration.

On September 20, 2012, the Court granted in part and denied in part Miller's Motion. Doc. No. 35.  The Court denied Miller's Motion as to Speechly and Brindle's breach of contract claims.  The Court determined that genuine disputes of material fact existed regarding whether Speechly continued to represent Miller's interests despite his formal dismissal from the arbitration. *Id*. at 15.  The Court also held, as a matter of law, that a contract for legal representation existed between Brindle and Miller. *Id*. at 17.  However, the Court granted Miller's Motion as to Chapman's breach of contract claim because, inter alia, Chapman lacked contractual privity with Miller. *Id*. at 20.

On October 19, 2012, Plaintiffs filed a Motion for Leave to Amend Complaint ("Motion to Amend").  *See* Doc. No. 38-1.  In this Motion, Plaintiffs seek leave to amend the Complaint to

include the amount that Miller allegedly owes Chapman as a part of Speechly's breach of contract claim against Miller based on three alternate theories. *See* Doc. No. 38 at 2 ¶ 3

On November 2, 2012, Miller responded in opposition to Plaintiff's Motion to Amend. Doc. No. 43. Plaintiffs' reply was due by November 19, 2012. Therefore, the Motion to Amend is ripe for resolution.

## II.   LEGAL ANALYSIS

In pertinent part, Rule 15 of the Federal Rules of Civil Procedure provides that courts should "freely give leave [to amend a pleading] when justice so requires." Fed. R. Civ. P. 15(a). Therefore, courts should deny leave to amend only when "the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." *Edwards v. City of Goldsboro*, 178 F.3d 231, 242 (4th Cir. 1999) (citation and internal quotation marks omitted).

In this case, amendment would be prejudicial to Miller. The case has been on the docket for over two years, discovery is over, and the case is set to be scheduled for trial. Requiring Miller to litigate this claim under these circumstances, especially when Plaintiffs could have asserted this theory of relief at the outset of the case, would impose an undue hardship on Miller.

The proposed amendment would also prejudice the administration of justice. "[C]ourts look disfavorably on motions to amend brought for the purpose of circumventing dispositive motions." *Googerdy v. N. C. Agric. & Tech. State Univ.,* 386 F.2d 618, 623 (M.D.N.C. 2005) (citations omitted). Here, although the Court is not attributing the motive of bad faith to Plaintiffs, their Motion appears to be an attempt to circumvent the Court's Memorandum Opinion. Furthermore, litigating Plaintiff's proposed claims at this stage would inject further delay into a case that has already lingered on the Court's docket for more than two years.

Accordingly, IT IS this **12th day of February, 2013**, by the U.S. District Court for the District of Maryland, hereby **ORDERED**:

1. That the Court **DENIES** Plaintiffs' Motion to Amend (Doc. No. 38);

2. That the Clerk transmit a copy of this Order to all counsel of record.

| February 12, 2013 | /s/ |
|---|---|
| Date | Alexander Williams, Jr.<br>United States District Judge |