**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION**

| | |
|---|---|
| SPEECHLY BIRCHAM, LLP, et al.,<br>    Plaintiffs,<br><br>          v.<br><br>EKRAM J. MILLER,<br>    Defendant. | Civil Action No. 8:10-cv-03041-AW |

**ORDER**

Plaintiffs Speechly Bircham, LLP, Michael Brindle, and Jeffrey Chapman bring this action against Defendant Ekram J. Miller. Plaintiffs each assert a breach of contract claim. Presently pending before the Court is Plaintiff Michael Brindle ("Plaintiff" or "Brindle")'s Supplemental Motion for Summary Judgment. The Court has reviewed the entire record and finds a hearing unnecessary. For the reasons that follow, the Court **DENIES** Plaintiff's Supplemental Motion for Summary Judgment.

This case arose out of a complex commercial dispute between the Swift Investment and Development Company and the Defendant Ekram J. Miller ("Defendant" or "Miller") in both his personal and representative capacity as president of the Intercontinental Commerce Corporation. After the initiation of arbitration proceedings before the International Chamber of Commerce International Court of Arbitration in London, England, Miller retained the services of the English law firm Speechly Bircham, LLP ("Speechly"). Brindle and co-Plaintiff Jeffrey Chapman are English barristers, retained by Miller and Speechly respectively for the arbitration proceedings.

1

After the conclusion of arbitration, Plaintiffs filed a Complaint against Miller, alleging that Miller failed to satisfy them for their legal services.

In its September 29, 2012 Memorandum Opinion, the Court granted Defendant's Motion for Summary Judgment in part and denied it in part. In that Opinion, the Court concluded that a contract existed between Brindle and Miller. Recognizing that its decision effectively entitled Brindle to judgment as a matter of law with respect to his breach of contract claim, the Court invited Brindle to file a supplemental brief particularizing his alleged damages. On October 10, 2012, Brindle filed this supplemental brief and on October 24, 2012, the Defendant filed a response. On November 1, 2012, Brindle filed a reply.

The Parties' arguments over alleged damages boil down to three points of contention: (1) whether the fees were to be paid in dollars or pounds; (2) whether Plaintiff's fees as stated in the Fee Agreement were reasonable under Virginia law; and (3) whether this Court should exercise its discretion in awarding prejudgment interest.[1] Factual disputes exist in regards to all three points of contention.

Regarding the issue of proper currency, the record, construed in a light most favorable to the Defendant, demonstrates that a factual dispute still exists as to whether Plaintiff's fees were in dollars, not pounds. Although Defendant arguably agreed in principal to the fee terms described in Plaintiff's clerk Mark Watson ("Watson")'s June 17, 2009 email (Doc. No. 29-27; Doc. No. 29-28), the record demonstrates a dispute as to the timing of the Parties' separate June 17 meeting. *See* Doc. No. 40-1 ¶¶ 5, 7. Summary judgment would be inappropriate as the

---

[1] Plaintiff raises an additional claim in its reply brief by urging the Court to disregard Defendant's Response and Defendant's Third Affidavit and impose sanctions pursuant to Fed. R. Civ. P. 56(h). Doc. No. 42. In deciding to impose sanctions pursuant to rule 56(h), there generally must be a finding of bad faith. *King v. E. Shore Water, LLC*, No. SKG-11-1482, 2012 WL 3155647, at *7 (D. Md. July 31, 2012). Bad faith is found where "parties[] submit[] affidavits in an express effort to prolong litigation or with deliberate and calculated misrepresentations." *Id.* (citation omitted). Here, the record does not reflect that Defendant is engaging is such egregious misconduct. As a result, Plaintiff's request for sanctions is denied.

timing and issues discussed in this meeting could have altered the Parties' understanding of the fee arrangements.  Additionally, Defendant's belief of dollar fee terms is arguably reflected in Defendant's emails, as Defendant sometimes referred to payments in terms of dollars, not pounds.  *See* Doc. No. 29-29 at 2; Doc. No. 42-3 at 2.  Given (1) Defendant's reference of dollar amounts in his emails with Watson and (2) the alleged contents of the June 17 meeting, a reasonable juror could conclude that Plaintiff was to pay the fees in dollars.

Both parties agree that any fee agreement in this case must be analyzed under a standard of reasonableness according to Virginia law.  Doc. No. 37 at 7-14; Doc. No 40 at 5.  Under Virginia law, several factors are significant in determining the reasonableness of a fee:

> [A] fact finder may consider, *inter alia*, the time and effort expended by the attorney, the nature of the services rendered, the complexity of the services, the value of the services to the client, the results obtained, whether the fees incurred were consistent with those generally charged for similar services, and whether the services were necessary and appropriate.

*Chawla v. BurgerBusters, Inc.*, 499 S.E.2d 829, 833 (Va. 1998) (citing *Seyfarth, Shaw, Fairweather & Geraldson v. Lake Fairfax Seven Ltd. P'ship*, 480 S.E. 2d 471, 473 (Va. 1997)).  Additionally, expert testimony can be required in making a reasonableness determination.  *Compare Mullins v. Richlands Nat'l Bank*, 403 S.E.2d 334, 335 (Va. 1991) ("Ordinarily, expert testimony will be required to assist the fact finder."), *with Tazewell Oil Co. v. United Virginia Bank*, 413 S.E.2d 611, 621 (Va. 1992) (stating that expert testimony was unnecessary due to unrefuted affidavits and extensive records).   Because the amount of fees and the terms of the fee agreement are still in dispute, summary judgment on the question of the reasonableness of Plaintiff's fees would be inappropriate at this time.

Considering that factual disputes exist as to the currency and the reasonableness of Plaintiff's fees, the Court will also deny summary judgment as to the question of prejudgment interest. Under Virginia law, an award of prejudgment interest is discretionary. *Dairyland Ins. Co. v. Douthat*, 449 S.E.2d 799, 801 (Va. 1994). In determining whether to award prejudgment interest, a court "must weigh the equities in a particular case[.]" *Moore Bros. Co. v. Brown & Root, Inc.*, 207 F.3d 717, 727 (4th Cir. 2000) (citing *McDevitt & Street Co. v. Marriott Corp.*, 754 F. Supp. 513, 515 (E.D. Va. 1991)). As the facts surrounding the fee arrangement are in dispute, the Court is not yet in a position to properly weigh the equities of this case and determine an award of prejudgment interest. Therefore, summary judgment in respect to prejudgment interest is denied.

Accordingly, IT IS this **25nd day of March, 2013**, by the U.S. District Court for the District of Maryland, hereby **ORDERED**:

1) That Plaintiff's Supplemental Motion for Summary Judgment is **DENIED** (Doc. No. 37); and

2) That the Clerk shall transmit a copy of this Opinion and Order to all counsel of record.

|  |  |
|---|---|
| March 25, 2013 | /s/ |
| Date | Alexander Williams, Jr.<br>United States District Judge |